UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUEL EFRAIN GARCIA,              )     Case No. CV 06-7732-RSWL (CT)
                                   )
                Petitioner,        )
                                   )     ORDER ADOPTING FINDINGS,
        v.                         )     CONCLUSIONS, AND
                                   )     RECOMMENDATIONS OF UNITED
T. FELKER, Warden,                 )     STATES MAGISTRATE JUDGE
                                   )
                Respondent.        )
_____)

    Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation.

    Petitioner alternatively captions his objections to the magistrate judge's report and recommendation as a "petition for issues omitted in R&R to be addressed." The court construes this petition as a request to recommit the matter to the magistrate judge. See 28 U.S.C. § 636(b)(1)(C). The request is denied.

    Among other arguments in his objections, petitioner contends that the magistrate judge did not adequately address the arguments he

raised in his third, fourth, and fifth grounds for relief.  Having reviewed the relevant materials, the court finds that each of those grounds was thoroughly addressed in the report and recommendation. (See, e.g., Report and Recommendation at 14-18).  Moreover, to the extent that petitioner asserted an ineffective assistance of counsel claim within his third ground for relief, petitioner has not shown either deficient performance or prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Counsel had no basis upon which to challenge the trial court's use of petitioner's prior conviction to enhance his current sentence.  Accordingly, counsel's performance was not unreasonable and petitioner suffered no prejudice from his counsel's failure to challenge the use of the prior conviction. See James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) (counsel does not render ineffective assistance of counsel by failing to make futile motion).

Likewise, petitioner's argument that the use of his prior conviction violated his right to due process is equally unmeritorious. As explained in the report and recommendation, the application of the Three Strikes Law to petitioner's sentence in this case did not constitute an ex post facto violation, nor did it amount to increased punishment for a prior offense.  (See Report and Recommendation at 14-15).  No due process violation occurred.

Accordingly, after having considered the arguments above and all other arguments raised by petitioner in his objections, the court

///

///

///

///

concurs with and adopts the findings, conclusions, and recommendations of the magistrate judge.

IT IS ORDERED that judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.


DATED: August 26, 2009

/ s /

HONORABLE RONALD S.W. LEW
SENIOR U.S. DISTRICT COURT JUDGE